UNITED STATED OF NEW YORK
SOUTHERN DISTRICT COURT OF NEW YORK _ _ _
LYPHROY SINCLAIR,

                      Plaintiff,

                                        ***VERIFIED COMPLAINT***
        -against-                           ***AND JURY TRIAL DEMAND***

STRAUSS DISCOUNT AUTO and JAMES MALLOY,    Index No.:

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ Defendants. _ _ _ _ _

# INTRODUCTION

       This is an action by plaintiff, LYPHROY SINCLAIR, which seeks declaratory, injunctive

and equitable relief; compensatory and punitive damages; costs and attorneys' fees against

plaintiff's former employers STRAUSS DISCOUNT AUTO and JAMES MALLOY.  Plaintiff

claims intentional employment discrimination and retaliation by Defendants based on Plaintiff's

age, race and national origin pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e et seq.; 42 U.S.C. § 1981 et seq.; the Age Discrimination in Employment Act of 1967, 29

U.S.C. § 621 et seq.; and the New York State Human Rights Laws, Exec. Law § 296.

# JURISDICTION

1.     Jurisdiction is specifically conferred on this Court under 42 U.S.C. § 2000e-5 et seq.; 29

       U.S.C. § 621 et seq.; 28 U.S.C. §§ 1331, 1343, and the doctrine of supplemental

       jurisdiction pursuant to 29 U.S.C. § 1367.

2.     The unlawful employment practices alleged below were committed within the State of

       New York.  All parties reside or do business within the Southern District of New York.

Therefore, venue lies in the States District Court for the Southern District of New York un

der 28 U.S.C. § 1391(b).

# FACTS OF THE CASE

3.      Plaintiff, LYPHROY SINCLAIR, is a black male.

4.      Plaintiff resides in Queens Village, New York, was born in 1943, and currently is over 60

years of age.

5.      Defendant STRAUSS DISCOUNT AUTO's headquarters is located 9A Brick Plant

Road, South River, NJ 08882.

6.      Upon information and belief, Defendant STRAUSS DISCOUNT AUTO is a business

entity formed under the laws of the State of New Jersey and qualified to do business in

the State of New York.

7.      Defendant STRAUSS DISCOUNT AUTO, an employer within the meaning of the

relevant statutes asserted herein, employs more than fifteen (15) employees.

8.      Defendant JAMES MALLOY ("MALLOY") is a supervisor, employee, agent, and/or

representative of Defendant STRAUSS DISCOUNT AUTO.

9.      Upon information and belief, MALLOY is a resident of the State of New York.

10.     The employment records relevant to the unlawful employment practices alleged herein

were maintained or administered within the State of New York.

11.     Plaintiff incorporates by reference the Charge of Discrimination and Rebuttal that he filed

with the U.S. Equal Employment Opportunity ("EEOC").

12.    Defendant STRAUSS DISCOUNT AUTO employed Plaintiff as a sales assistant on .

13.    During his employment, Plaintiff ascended the ranks from sales assistant to Store

       Manager.

14.    STRAUSS DISCOUNT AUTO has over 90 stores in New York, New Jersey,

       Pennsylvania, and Delaware.  As a result of his employment by Defendant, Plaintiff has

       worked in various local STRAUSS DISCOUNT AUTO stores ("local stores").

15.    STRAUSS DISCOUNT AUTO is divided into two districts.   One district is comprised of

       all of the New York stores.  The second district includes New Jersey, Pennsylvania, and

       Delaware.

16.    In or about 2000, Defendant STRAUSS DISCOUNT AUTO's representative, agent,

       and/or employee District Manager LEON RAMBAJAN promoted Plaintiff to Store

       Manager in the store located at 475 Southern Blvd., Bronx, NY 10455 ("Southern Blvd.

       Store").

17.    Plaintiff was qualified for his job as Store Manager and has received awards for his duties

       because he turned unprofitable stores into profitable stores.

18.    Soon after his first year as Store Manager, Plaintiff was transferred to the Southern Blvd.

       Store to the store located at 1190 Castle Hill Ave., Bronx,  NY 10462 ("Castle Hill

       Store") by MALLOY.

19.    Within two to three months, however, MALLOY transferred Plaintiff to another store and

       replaced Plaintiff with CAMELIA ALVEREZ ("ALVEREZ"), a 23-year old female

       Puerto Rican.

20.    Upon information and belief, Plaintiff was subsequently transferred several more times

       and was replaced each time by a younger, non-black employee.

21.    As MALLOY ascended the ranks, Defendant STRAUSS DISCOUNT AUTO started

hiring more and more younger Latino persons.

22.    Ultimately, Plaintiff was transferred to the store located at 1245-53 Edward L. Grant

Highway, Bronx, NY 10452 ("Grant Highway Store"), where he was fired in February

2003.

23.    Upon information and belief, Plaintiff was terminated for spurious reasons and should not

have been terminated.

24.    Upon information and belief, the Grant Highway Store was understaffed and MALLOY

refused to properly staff the store to meet customer expectations.

25.    Upon information and belief, MALLOY frequently transferred Plaintiff with the intent to

force him to resign so that MALLOY could replace him with younger, non-black

employees.

26.    Plaintiff frequently complained to upper management about the transfers and MALLOY's

treatment of him but received no response or MALLOY intercepted the complaints.

27.    During one of these conversations, in September 2002, MALLOY told Plaintiff that he

needed "young blood" in the stores.  Based on the people who had replaced Plaintiff,

Plaintiff logically concluded that "young blood" meant younger people.

28.    Upon information and belief, Plaintiff still is owed certain leave time that he had accrued

before his termination.

29.    Upon information and belief, other individuals of Plaintiff's protected classes were

treated in a similar fashion.  For example, EDGER BELLO ("BELLO"), a fifty-year old

Puerto Rican Senior Store Manager, was assigned to a new store and was replaced shortly

before the store's opening by a younger employee, JANET CASTELLANO

("CASTELLANO").  When BELLO threatened to quit due to the age discrimination, BELLO was reinstated to the store and CASTELLANO was transferred elsewhere.

30.     Mr. KEITHS, who was around 63 or 64 years old at the time, was fired from his Assistant Store Manager position at the Castle Hill Store several months after I was terminated and SHERWIN KING, a Bajan in Plaintiff's age group, was fired in January or February 2004 although he had the top store in Queens as a Store Manager and was a very successful District Manager.

31.     JOHN CARTU, who was 60 years old and a Service Manager, also was terminated last year without cause.

32.     All conditions precedent to jurisdiction have occurred or been complied with, to with: A charge of employment discrimination was filed with EEOC within 300 days of commission of the unfair employment practice; a Notification of the Right to Sue Letter (Annexed hereto) was issued by the EEOC on or about December 9, 2004; this complaint has been filed within 90 days of the receipt of the Notification of Right to Sue Letter.

## FOR THE FIRST CAUSE OF ACTION

33.     Plaintiff incorporates as if realleged paragraphs "1" through "32."

34.     Plaintiff, who is a black male of West Indian ancestry, national origin and ethnicity, is a member of a protected class protected by Title VII.

35.     Defendant STRAUSS DISCOUNT AUTO, by its agents, servants and/or employees, engaged in purposeful discrimination, condoned a hostile work environment and retaliated against Plaintiff based on his race, ancestry, national origin, ethnicity by

treating him differently in the terms and condition of employment, promotion and termination from other similarly situated workers who were not of his protected class.

36. By limiting, segregating and/or classifying its employees in a way which tended to deprive and/or deny employment opportunities to some employees, and against Plaintiff in particular, Defendant STRAUSS DISCOUNT AUTO has violated Title VII.

37. Because Defendant's policy and practice of discrimination and retaliation had a detrimental impact on the discipline and retention of individuals of Plaintiff's protected class, and against plaintiff in particular, Defendant STRAUSS DISCOUNT AUTO has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

38. Defendant's policy and practice of discrimination and retaliation has created a hostile work environment for Plaintiff.

39. As a result of the foregoing, Plaintiff, LYPHROY SINCLAIR, has suffered pecuniary loses in employment as well as severe emotional distress.

## FOR THE SECOND CAUSE OF ACTION

40. Plaintiff incorporates as if realleged paragraphs "1" through "39."

41. Plaintiff, a black male, is a member of a protected class protected by 42 U.S.C. § 1981 et seq.

42. Defendants, by their agents, servants and/or employees, engaged in purposeful discrimination, condoned a hostile work environment, and retaliated against Plaintiff, and others of his protected class, based on his race and ancestry by treating him differently in the terms and condition of employment from other similarly situated workers who were

not of his protected class.

43.   By intentionally limiting, segregating and/or classifying its employees in a way which

tended to deprive and/or deny any employment opportunities to some employees, and

Plaintiff in particular, Defendants have violated 42 U.S.C. § 1981 et seq.

44.   Defendants' intentional policy and practice of discrimination and retaliation had a

detrimental impact on the discipline and retention of individuals of individuals of

Plaintiff's protected class and plaintiff in particular, thereby  creating a hostile work

environment, Defendants have violated 42 U.S.C. § 1981 et seq.

45.   As a result of the foregoing, Plaintiff, LYPHROY SINCLAIR, has suffered pecuniary

loses in employment as well as severe emotional distress.

# FOR THE THIRD CAUSE OF ACTION

46.   Plaintiff incorporates as if realleged paragraphs "1" through "45."

47.   Plaintiff, who currently over 60 years old, is a member of a protected class protected by

the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

48.   Defendant STRAUSS DISCOUNT AUTO, by its agents, servants and/or employees,

engaged in purposeful discrimination and retaliation against plaintiff based on his age by

treating him differently in the terms and condition of employment, promotion, benefits,

and termination from other similarly situated workers who were not of his protected class.

49.   By limiting, segregating and/or classifying its employees in a way which tended to

deprive and/or deny any employment opportunities to some employees, Defendant has

violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

50.     Because Defendant's policy and practice of discrimination and retaliation had a detrimental impact on the retention of individuals of Plaintiff's protected class, Defendant has violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

51.     As a result of the foregoing, Plaintiff, LYPHROY SINCLAIR, has suffered pecuniary loses in employment as well as severe emotional distress.

# FOR THE FOURTH CAUSE OF ACTION

52.     Plaintiff incorporates as if realleged paragraphs "1" through "50."

53.     Plaintiff asks that this Court invoke jurisdiction over the hereinafter state claims pursuant to the doctrine of pendant jurisdiction.

54.     The New York State Human Rights Law, N.Y. Exec. Law § 296, protects employees from discrimination based on age and from retaliation for having complained of such employment discrimination.

55.     Plaintiff is a member of a protected class protected by the New York State Human Rights Law.

56.     Defendants, by their agents, servants and/or employees, engaged in purposeful discrimination and retaliation against plaintiff based on his age by treating him differently in the terms and condition of employment, promotion, benefits, and termination from other similarly situated workers who were not of his protected class.

57.     By limiting, segregating and/or classifying their employees in a way which tended to deprive and/or deny any employment opportunities to some employees, Defendant has violated the New York State Human Rights Law.

58.   Because Defendant's policy and practice of discrimination and retaliation had a detrimental impact on the retention of individuals of Plaintiff's protected class, Defendant has violated the New York State Human Rights Law.

59.   As a result of the foregoing, Plaintiff, LYPHROY SINCLAIR, has suffered pecuniary loses in employment as well as severe emotional distress.

# FOR THE FIFTH CAUSE OF ACTION

60.   Plaintiff incorporates as if realleged paragraphs "1" through "59."

61.   The New York State Human Rights Law, N.Y. Exec. Law § 296, also protects employees from discrimination based on race and from retaliation for having complained of such employment discrimination.

62.   Plaintiff is a member of a protected class protected by the New York State Human Rights Law.

63.   Defendants, by their agents, servants and/or employees, engaged in purposeful discrimination and retaliation against plaintiff based on his race by treating him differently in the terms and condition of employment, promotion, benefits, and termination from other similarly situated workers who were not of his protected class.

64.   By limiting, segregating and/or classifying their employees in a way which tended to deprive and/or deny any employment opportunities to some employees, Defendant has violated the New York State Human Rights Law.

65.   Because Defendant's policy and practice of discrimination and retaliation had a detrimental impact on the retention of individuals of Plaintiff's protected class, Defendant

has violated the New York State Human Rights Law.

66.     As a result of the foregoing, Plaintiff LYPHROY SINCLAIR, has suffered pecuniary

loses in employment as well as severe emotional distress.


**WHEREFORE,** Plaintiff LYPHROY SINCLAIR prays that this Court enters judgment

against Defendants, STRAUSS DISCOUNT AUTO and JAMES MALLOY, as follows:

A.     Find that the defendants have intentionally engaged in unlawful employment

discrimination.

B.     Enjoin defendants from engaging in these unlawful employment practices.

C.     Place plaintiff in the job with the salary, position, seniority, union tenure, title and/or pay

grade that he would hold but for defendants' unlawful discrimination against him.

D.     Order defendants to abide by their own policies and procedure.

E.     Order defendants to pay plaintiff's attorney a reasonable fee in accordance with the law.

F.     Order defendants to pay all cost in this action.

G.     Award monetary damages, including front pay and back pay, which have arisen and

accrued to plaintiff on his causes of action.

H.     Order defendants to pay $2,000,000.00 as punitive damages.

I.     Make plaintiff whole for defendants' unlawful conduct by applying pre-judgment interest.

J.     Award to plaintiff such other and further relief as this Court may deem just,  proper, and

equitable.

# JURY DEMAND

Plaintiff demands a jury to try all claims triable by a jury.

Dated: Rosedale, New York
      March  9, 2005

                                   STEWART LAW FIRM
                                   (Charmaine M. Stewart & Assocs.)

                                   */s/ Nadira S. Stewart*

                                   By:    Nadira S. Stewart  (NS-0416)
                                   Attorneys for Plaintiff
                                   133-40 Hook Creek Blvd.
                                   Rosedale, NY 11422
                                   (718) 527-9862

                                   ***Mailing Address:***
                                   P.O. Box 030479
                                   Elmont, New York 11003